UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bantu Ali Bey,

       Plaintiff,

v.                                                           Case No.: 16-11406

Fratarcangeli, *et al.*

                                                             Honorable Sean F. Cox

       Defendants.

_____/

## **ORDER**

On April 19, 2016, acting *pro se*, Bantu Ali Bey ("Bey") filed what appeared to be a notice of removal, purporting to remove a state court criminal proceeding to federal court. (D.E. No. 1). Attached to Bey's notice of removal is a "Notice to Appear" form, which the Court presumes is related to the underlying state criminal proceeding. Bey has not attached copies of the state court record to his Notice of Removal so the status of the state court proceeding is unknown. In his notice of removal, Bey alleges various violations of his constitutional rights stemming from: (1) an arrest which led to the underlying state court criminal proceeding; and (2) the criminal proceeding itself. The Court ordered Bey to identify the state court proceeding by name and case number. (D.E. No. 3). The Court also noted that Bey failed to provide any legal authority that would allow him to remove such a case to federal court. *Id.* Bey was ordered to show cause, in writing, on or before May 9, 2016, why this case should not be dismissed. *Id.*

Bey has not properly responded to the Court's Show Cause Order and the time for doing so has now passed. Moreover, to the extent that Bey was attempting to remove a state court

criminal proceeding to federal court, he may not do so under the circumstances here.

"When a criminal case is removed from state court, federal courts have the authority to take notice of and determine the presence or absence of jurisdiction on its own motion." *Michigan v. Modena*, 2009 WL 198967, *1 (W.D. Mich. 2009).

"Federal law allows removal of state criminal proceedings only in the rarest of circumstances." *Id.* Accordingly, removal of such proceedings is permitted only when authorized by an act of Congress. *Id.*

Here, the notice of removal does not cite any statute that would permit removal of a state criminal proceeding. Nor does Plaintiff allege any facts that would allow removal under any conceivable statute. 28 U.S.C. §§ 1442 and 1443 allow for removal of state criminal proceedings under certain circumstances, none of which are present here.

28 U.S.C. § 1442 permits federal officers to remove criminal prosecutions against them under certain circumstances. Bey does not allege that he is an officer of the United States. 28 U.S.C. § 1442a also permits the removal of certain criminal actions against members of the armed forces. Again, Bey does not allege that he is a member of the armed forces.

28 U.S.C. § 1443 provides two grounds for removal. First, a case is removable if it is pending against a person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens. 28 U.S.C. § 1443(1). These laws are limited to those guaranteeing racial equality. *Modena*, 2009 WL 198967 at *1 (citing *Georgia v. Rachel*, 348 U.S. 780 (1966)). Bey does not allege any violation of a federal right to racial equality and he has not identified any policy of the law of the State of Michigan that denies him the right to equal treatment on the basis of his race. § 1443's second basis for removal is only

available to federal or state officers and persons assisting them in the performance of their duties. *Id.* at *2 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)).  Bey does not allege that he is a state or federal officer.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this action.  Accordingly, **IT IS ORDERED** that this action is hereby **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED.**

Dated:  June 10, 2016                                           s/ Sean F. Cox
                                                                Sean F. Cox
                                                                U. S. District Judge

I hereby certify that on June 10, 2016, the foregoing document was served on counsel of record via electronic means and upon Bantu Ali Bey via First Class mail at the address below:

**Bantu Ali Bey**
33467 Ashton Drive
Sterling Heights, MI 48312

                                                                s/ J. McCoy
                                                                Case Manager